A06A1338. KAMINER v. CANAS.
A06A1339. AL-JABI v. CANAS.
A06A1340. BOARD OF REGENTS OF THE UNIVERSITY
SYSTEM OF GEORGIA v. CANAS.
A06A1341. MCG HEALTH, INC. v. CANAS.

(671 SE2d 175)

ELLINGTON, Judge.

We affirmed the trial court's order granting in part and denying in part motions for summary judgment filed in Derek Canas's action against Ayman Al-Jabi, M.D., Sharon J. Kaminer, M.D., the Board of Regents of the University System of Georgia d/b/a Medical College of Georgia Hospitals and Clinics ("the Board"), and MCG Health, Inc. ("MCGHI"). *Canas v. Al-Jabi*, 282 Ga. App. 764 (639 SE2d 494) (2006). In Division 1, we concluded that there was evidence that, years after Al-Jabi and Kaminer first failed to diagnose Canas's pediatric AIDS, he presented the doctors with significant changes in the manifestations of his condition such that a jury could infer that they committed new and separate acts of medical malpractice and, further, that a jury could infer that Canas suffered a resulting injury which was distinct from the injury he sustained at the time of the original misdiagnoses. Id. at 770-786 (1). In Division 1 (a), we held that, to the extent Canas filed his complaint within five years of any such new negligent acts and omissions, his malpractice claim is not abrogated by the statute of repose. Id. at 777-778 (1) (a). In Division 1 (b), we held that, to the extent Canas filed his complaint within two years after the injury resulting from the later misdiagnoses occurred, his medical malpractice claim is not barred by the statute of limitation. Id. at 785-786 (1) (b). Accordingly, we affirmed the trial court's order denying in part the motions for summary judgment.

The Supreme Court of Georgia granted the appellants' petitions for writ of certiorari, to consider whether this Court

erred in holding that, if a plaintiff in a misdiagnosis case presents with additional or significantly increased symptoms of the same misdiagnosed disease, the medical mal-

practice statute of limitations and statute of repose do not bar the plaintiff's claims.

*Kaminer v. Canas*, 282 Ga. 830, 831 (653 SE2d 691) (2007). Upon consideration, the Supreme Court determined that we did err. Id. at 831-838 (1), (3), (4). As a result, the trial court erred in granting only partial summary judgment on Canas's malpractice claim. Accordingly, our judgment in Division 1 of *Canas v. Al-Jabi*, 282 Ga. App. at 770-786, is vacated, and the judgment of the Supreme Court is made the judgment of this Court.[1]

The grant of certiorari did not reach two divisions of our opinion: Division 2 (holding that the Board and MCGHI are not entitled to judgment as a matter of law on Canas's failure to warn claim and that Canas's failure to warn claim against Kaminer is embraced within his claim against her for medical malpractice) and Division 3 (affirming the trial court's order qualifying Canas's expert witnesses). We have reviewed those divisions and conclude that they are consistent with the Supreme Court's ruling. As a result, our holdings in our judgment in *Canas v. Al-Jabi*, 282 Ga. App. at 786-796 (2), (3) became binding upon return of the remittitur and remain the judgment of this Court. *Shadix v. Carroll County*, 274 Ga. 560, 563-564 (1) (554 SE2d 465) (2001).

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Miller, J., concur.*

DECIDED OCTOBER 30, 2008 —
RECONSIDERATION DISMISSED NOVEMBER 19, 2008.

*Carlock, Copeland & Stair, Adam L. Appel, Kim M. Ruder,* for appellant (case no. A06A1338).

*Oliver & Maner, Leslie P. Sheehan, William P. Franklin, Jr.,* for appellant (case no. A06A1339).

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Bryan F. Dorsey,* for appellant (case no. A06A1340).

---

[1] In his Notice of Intention to Petition the Supreme Court of the United States for Writ of Certiorari, Canas informally requests that we retain the appellate record until December 31, 2008 or until such time as the Supreme Court of the United States has ruled upon his petition. We decline to do so. See Court of Appeals Rule 39 (b) ("Notice of intention to apply to the Supreme Court of the United States for writ of certiorari generally will not stay the remittitur."). Accordingly, the remittitur "shall be transmitted to the clerk of the trial court as soon as practicable after the expiration of 10 days from the date of the judgment," in accordance with Court of Appeals Rule 39 (a). The Motion to Strike Notice and Remit Case to Trial Court filed jointly by Al-Jabi, Kaminer, the Board, and MCGHI, as amended, is DENIED as moot.

*Hull, Towill, Norman, Barrett & Salley, James S. V. Weston*, for appellant (case no. A06A1341).

*Scherffius, Ballard, Still & Ayres, William L. Ballard, Smith, Moore & Leatherwood, J. Robert Persons*, for appellee.