**WHOLE COURT**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 27, 2012**

# In the Court of Appeals of Georgia

A10A1955. THE LANDINGS ASSOCIATION, INC. v. WILLIAMS    JE-090
    et al.

A10A1956. THE LANDINGS CLUB, INC. v. WILLIAMS et al.    JE-091

ELLINGTON, Chief Judge.

In this action, the estate and heirs of Gwyneth Williams (collectively, "the appellees") seek to recover damages from the owners of a lagoon where Williams was allegedly killed by a large alligator. The State Court of Chatham County denied in part the motion for summary judgment filed by the joint owners of the lagoon, The Landings Association, Inc. ("the association") and The Landings Club, Inc. ("the club") (collectively, "the owners"). In an earlier appeal, we concluded, inter alia, that a question of fact remains as to whether the owners failed, pursuant to the law of premises liability, to take reasonable steps to protect Williams from being attacked and killed by an alligator on their premises. See *The Landings Assn. v. Williams*, 309

Ga. App. 321, 324-326 (1) (711 SE2d 294) (2011). The Supreme Court of Georgia granted certiorari to determine whether we erred in reaching this conclusion. *The Landings Assn. v. Williams*, _ Ga. _ (728 SE2d 577) (2012). The Supreme Court found that the record shows that Williams had equal knowledge of the threat of alligators within the community and, therefore, that the owners are entitled to judgment as a matter of law on the appellees' premises liability claims and reversed. Id. at _. Accordingly, our decision in *The Landings Assn. v. Williams*, 309 Ga. App. at 324-326 (1), is vacated, and the judgment of the Supreme Court is made the judgment of this Court.

The grant of certiorari did not reach Division 2, 3, or 4 of our opinion.

In Division 2, we considered the owners' argument that, under the common law doctrine of animals ferae naturae, a landowner is not responsible as a matter of law for any harm caused by a free wild animal on the owner's land. Id. at 327-329 (2). We held that, under Georgia law, the doctrine of animals ferae naturae does not operate as an exception to Georgia's general principles regarding a landowner's duty to exercise ordinary care in keeping its premises safe such as would confer a blanket immunity from liability for any harm caused by a free wild animal on the owner's land. Id. We held that, "[a]lthough a defendant [owner or occupier] may be entitled

2

to summary judgment where, as in *Williams v. Gibbs*, [123 Ga. App. 677 (182 SE2d 164) (1971) (physical precedent only),] there is no evidence that the [defendant] should have anticipated the presence of the wild animal that injured the plaintiff," where there is evidence from which a jury could find that the defendant should have anticipated the presence of the wild animal and that it was reasonably foreseeable that its presence would render the premises unsafe for visitors, the defendant will not be entitled to judgment as a matter of law purely on the basis of the doctrine of animals ferae naturae. *The Landings Assn. v. Williams*, 309 Ga. App. at 328-329 (2). We have reviewed Division 2 and conclude that it is consistent with the Supreme Court's ruling, which likewise applied Georgia's general principles of premises liability to the owners' appellate arguments.

In Division 3, we considered the association's argument that it was entitled to judgment as a matter of law on the appellees' nuisance claim and held that the appellees' complaint failed to state a claim for nuisance. Id. at 329-330 (3). Accordingly, we reversed the trial court's summary judgment order in part. We have reviewed Division 3 and conclude that it is also consistent with the Supreme Court's ruling.

3

As a result, our holdings in Divisions 2 and 3 of *The Landings Assn. v. Williams*, 309 Ga. App. at 327-330 (2, 3), became binding upon return of the remittitur and remain the judgment of this Court. *Shadix v. Carroll County*, 274 Ga. 560, 563-564 (1) (554 SE2d 465) (2001); *Kaminer v. Canas*, 294 Ga. App. 669, 670 (671 SE2d 175) (2008).

In Division 4 of our opinion, we considered the club's argument that the trial court erred in considering certain experts' depositions. *The Landings Assn. v. Williams*, 309 Ga. App. at 330 (4). Because we concluded that the owners were not entitled to judgment as a matter of law on the appellees' premises liability claims, even when the challenged testimony was not considered, we concluded that the issue of whether the trial court abused its discretion in considering the testimony was moot. Id. Although it is not clear from the opinion of the Supreme Court whether it considered the challenged testimony, in the absence of an express ruling on the club's argument, we find no basis for vacating that division of our opinion.

*Judgment reversed. Ellington, C. J., Barnes and Phipps, P. J., and Miller, J., concur. Dolyle, P. J., Andrews and McFadden, JJ., concur specially.*

A10A1955.   THE   LANDINGS   ASSOCIATION,   INC.   v.
WILLIAMS et al.   A10A1956. THE LANDINGS CLUB, INC. v.
WILLIAMS et al.


ANDREWS, Judge, concurring specially.

In *The Landings Assn. v. Williams*, 291 Ga. 397 (728 SE2d 577) (2012), the
Supreme Court stated that it granted certiorari to address this Court's holding in *The
Landings Assn. v. Williams*, 309 Ga. App. 321 (711 SE2d 294) (2011), that "a
question of fact remained as to whether The Landings entities failed, pursuant to the
law of premises liability, to take reasonable steps to protect Gwyneth Williams from
being attacked and killed by an alligator in the planned residential community and golf
club owned and/or managed by the Landings entities." *The Landings Assn.*, 291 Ga.
at 397. The Supreme Court reversed the above holding and held that the Landings
entities were entitled to summary judgment on the premises liability claims brought
against them "[b]ecause the record shows that Williams had equal knowledge of the
threat of alligators within the community." Id. Accordingly, I concur with the
statement in the present majority opinion that "our decision in *The Landings Assn. v.*

*Williams*, 309 Ga. App. at 324-326 (1), is vacated, and the judgment of the Supreme Court is made the judgment of this Court."

Because the Supreme Court decided the premises liability claims solely on the basis of the equal knowledge rule, this rendered unnecessary and dicta any discussion in division 2 of our prior decision in *The Landings Assn.*, 309 Ga. App. 321, regarding application of the doctrine of animals ferae naturae. *Zepp v. Brannen*, 283 Ga. 395, 397 (658 SE2d 567) (2008). Accordingly, I disagree with the present majority opinion to the extent it states that division 2 of our prior decision now establishes the binding law of the case or law of the State of Georgia regarding application of the doctrine of animals ferae naturae. Not only is the majority discussion of the doctrine of animals ferae naturae in our prior decision in *The Landings Assn.*, 309 Ga. App. 321, non-binding dicta, it is erroneous dicta for the reasons stated in my prior dissenting opinion. Id. at 330-336.

I am authorized to state that Presiding Judge Doyle and Judge McFadden join in this opinion.

2

A10A1955. THE LANDINGS ASSOCIATION, INC. v. WILLIAMS et al.

A10A1956. THE LANDINGS CLUB, INC. v. WILLIAMS et al.

MCFADDEN, Judge, concurring specially.

I agree with Judge Andrews that Division 2 of our original majority opinion is now dicta. But, as I concurred fully in our prior majority opinion and as the Supreme Court did not address the analysis in Division 2 of our prior majority opinion, I continue to agree with that analysis.