## 45085. HOSPITAL AUTHORITY OF ALBANY et al. v. STEWART, Sheriff et al.

EBERHARDT, Judge. This appeal raises the question of whether real property, which is not used directly for hospital purposes but the income from which is devoted to the furtherance of the functions of a public hospital authority operating under the Hospital Authorities Law (Ga. L. 1964, pp. 499, 598-611, as amended; *Code Ann.* §§ 88-1801—88-1823), is public property within the meaning of the Constitution of 1945, Art. VII, Sec. I, Par. IV (*Code Ann.* § 2-5404) and Ga. L. 1946, p. 12, as amended (*Code Ann.* § 92-201), so as to be exempt from ad valorem taxation. For convenience we divide the status of the property involved, which is all income-producing property separate and apart from the hospital grounds, into three classes. Class 1 is property owned directly by the Hospital Authority by virtue of an inter vivos gift from J. Roland Wetherbee. Class 2 is property held in trust for the hospital by a bank as testamentary trustee under Wetherbee's will. Class 3 is property over which there is a dispute as to its status for the taxable year 1968, the question as to its taxability turning, inter alia, upon whether the bank held title to it as executor of Wetherbee's estate or as testamentary trustee under his will. The trial court granted summary judgment for defendant tax officials, thus presumably finding that none of the property was public property, and the Hospital Authority and the bank appeal. *Held:*

1. In answer to a certified question from this court, the Supreme Court has held that the property in Class 1, the title to which is held directly by the Hospital Authority, is public property and therefore exempt from ad valorem taxation. *Hospital Authority of Albany v. Stewart,* 226 Ga. 530 (175 SE2d 857). As to this property the judgment of the trial court must be reversed.

2. Under Item III of Wetherbee's will the bank, as trustee, was directed to hold, manage and invest the property devised to it in trust and pay over its net income, and, in the trustee's discretion, the principal, to the Hospital Authority which was to use it for hospital purposes. The question raised is whether the

fact that legal title to this Class 2 property is vested in the bank as trustee for the Hospital Authority deprives it of its tax-exempt status. Under the authority of *Trustees of Academy of Richmond County v. City Council of Augusta,* 90 Ga. 634 (17 SE 61, 20 LRA 151), quoted approvingly by the Supreme Court in answer to the certified question in this case, the question must be answered in the negative, so that any of the property passing under the will which may fall into Class 2 is also tax-exempt.

3. As to the Class 3 property, the question is raised whether on January 1, 1968, the bank held title to the property in its capacity as executor of Wetherbee's estate, or whether, as executor, it had impliedly assented to the devise of the property to itself as trustee for the Hospital Authority prior to that time. It is conceded that the property must have been held by the bank as trustee on January 1, 1968, in order to be tax-exempt for that taxable year, and that no formal deed of assent to the devise had been executed by the bank prior to that time. On the other hand, if there had been an implied assent to the devise prior to January 1, 1968, the property would fall into Class 2 and be exempt from 1968 ad valorem taxes.

The bank and Hospital Authority point out that there is an identity of executor and trustee, that for the fiscal year ending October 31, 1967, which was selected for the estate, the bank distributed to the Hospital Authority $23,409 in income from the trust property; that the bank transferred $3,824.99 of income from the property to principal for funding a depreciation reserve for the fiscal year ending October 31, 1967. Defendants, on the other hand, point out that the bank returned the property for taxation in 1968 as "First State Bank & Trust Company, Executor U/W J. R. Wetherbee."

While under the authorities cited, such as *Citizens Bank of Vidalia v. C. & S. Bank,* 160 Ga. 109 (127 SE 219), *McGahee v. McGahee,* 204 Ga. 91 (48 SE2d 675), and *Cozart v. Mobley,* 43 Ga. App. 630 (159 SE 749), the bank and the hospital authority make a compelling argument that the bank must necessarily have been acting as trustee and that an implied or presumed assent to the devise was shown under the facts of this case, the

question is, nevertheless, one of fact which we decline to rule on in the absence of a clear determination thereon at the trial level. Should it be found upon remand that there had been an implied assent to the devise on or before January 1, 1968, the property involved would fall into Class 2 and would be exempt from the 1968 ad valorem taxes; otherwise, it was taxable in the hands of the executor.

*Judgment reversed and case remanded. Jordan, P. J., and Pannell, J., concur.*

DECIDED SEPTEMBER 25, 1970.

*Divine, Busbee & Wilkin, E. B. Wilkin, Jr., George D. Busbee,* for appellants.

*Burt & Burt, Donald D. Rentz, W. H. Burt,* for appellees.