**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 2, 2015**

# In the Court of Appeals of Georgia

A12A1989. AGNES SCOTT COLLEGE, INC. et al v. HARTLEY.

RAY, Judge.

In Division 1 of this Court's opinion in *Agnes Scott College v. Hartley*, 321 Ga. App. 74, 76-80 (1) (741 SE2d 199) (2013) ("*Hartley I*"), we reversed the trial court's denial of a motion to dismiss Hartley's complaint on the grounds that Agnes Scott College ("ASC") and three campus policemen (collectively, "Defendants") were entitled to immunity under the Georgia Tort Claims Act ("GTCA"). In Division 2 of *Hartley I*, this Court reversed the trial court's denial of ASC's motion to dismiss Hartley's claims for respondeat superior. Id. at 80 (2).

1. In *Hartley v. Agnes Scott College*, 295 Ga. 458 (759 SE2d 857) (2014) ("*Hartley II*"), the Supreme Court of Georgia reversed the judgment of this Court in Division 1 of *Hartley I*, and in doing so, it ruled that the defendant policemen were

not entitled to immunity under the GTCA. *Harley II*, supra at 461-467 (2) (a) - (d). Consequently, we vacate Division 1 of our opinion in *Hartley I*, and in its place, we adopt the opinion of the Supreme Court as our own.

2. Our Supreme Court declined to address Division 2 of this Court's opinion, which found that the trial court erred in denying ASC's motion to dismiss Hartley's claims for respondeat superior. See *Hartley II,* supra at 460 (1) (b), n. 2; *Hartley I*, supra at 80 (2). When the Supreme Court "considers only a portion of a Court of Appeals' opinion and reverses, it is for the Court of Appeals to determine on remand whether the portions of its earlier opinion that were not considered by [the Supreme Court] are consistent with [the Supreme Court's] ruling." *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001). If Division 2 of this Court's decision in *Hartley I* is consistent with the Supreme Court's opinion in *Hartley II*, it "become[s] binding upon the return of the remittur. If, however, such portions are not consistent with [the Supreme Court's] ruling, [we] must enter an appropriate disposition concerning those portions that reconciles them with [the Supreme Court's] ruling." Id.

In *Hartley I*, we found that a private employer is not responsible under a theory of respondeat superior for tortious acts committed by its police officer employees if

2

that employee "was performing public duties, *not at the direction of the employer*, while committing the tort in question." (Citations omitted; Emphasis supplied.) *Hartley I*, supra at 80 (2). This Court further found in Division I of *Hartley I* that

> [t]he allegations in the complaint, taken as true, merely allege that the Defendants involved in this case were engaged in police functions involved in upholding the laws of the State and investigating an alleged crime. It follows, therefore, that in fulfilling their "law enforcement powers" granted by OCGA § 20-8-2, they were "acting on behalf of the [S]tate in [an] official capacity," and thus, they are "state officer[s]" under OCGA § 50-21-22 (7).

(Footnotes omitted.) *Hartley I*, supra at 77-78 (1). Yet, In *Hartley II*, our Supreme Court held that the ASC police officer defendants were not "state officer[s] or employee[s]" under the GTCA and they were not acting for a "state government entity" when they committed the alleged torts against Hartley because, inter alia, their actions were not "directed and controlled by any [specific] state government entity." *Hartley II*, supra at 464-465 (2) (b), (c). Rather, the Supreme Court found that "the complaint repeatedly alleges, and the answer admitted, that the officers' tortious conduct occurred while they were 'acting in the line and scope of [their] employment with Defendant [ASC].'" Id. at 465 (2) (c). These findings are inconsistent with this Court's statement in *Hartley I* that "[t]here is no indication in the complaint that ASC

3

was involved in or directed [the campus policemen's] conduct in investigating the alleged assault or initiating the judicial process with respect to that claim." *Hartley I*, supra at 80 (2).

A motion to dismiss for failure to state a claim should not be granted "unless it appears to a certainty" that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. (Citation omitted.) *Liberty County School Dist. v. Halliburton*, 328 Ga. App. 422, 423 (762 SE2d 138) (2014). "If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." (Citation omitted.) Id. Given the Supreme Court's findings in *Hartley II*, when the complaint's allegations are construed in the light most favorable to Hartley, ASC has not established that Hartley could not possibly present evidence that the campus policemen were acting under the direction of ASC at the time of their allegedly tortious conduct.

Accordingly, we vacate Division II of *Hartley I* and affirm the trial court's denial of the defendant's motion to dismiss Hartley's claim against ASC for respondeat superior.

*Judgment affirmed. Phipps, C. J., Andrews, P. J., Doyle, P. J., Miller, Boggs and Branch, JJ., concur.*

4