310 Ga. 171
FINAL COPY

S19G1645.  CRIPPEN & LAWRENCE INVESTMENT COMPANY, INC. v. A TRACT OF LAND BEING KNOWN AS 444 LEMON STREET et al.

BLACKWELL, Justice.

When Lillie Mae Bedford died in 1997, she left a residential property in Marietta by testamentary devise to her daughter, Jennifer Hood. Although the Bedford estate never made and delivered a deed to Hood to perfect a conveyance of legal title, Hood lived on the property for some time after the death of her mother, and she paid the taxes associated with it. But beginning in 2009, the taxes on the property were unpaid, and in 2013, the property was sold to Crippen & Lawrence Investment Company, Inc., at a tax sale. More than 12 months later, Crippen took steps to foreclose the statutory right of redemption,[1] and Crippen gave Hood notice of foreclosure. After the time for redemption expired, Crippen filed a

_____

[1] See generally OCGA § 48-4-40 et seq.

petition to quiet title.[2] Hood never responded to the petition, but the Bedford estate appeared[3] and moved to dismiss the petition, asserting that the estate was entitled to notice of foreclosure and had not been served with such notice. Crippen responded that the estate was not entitled to notice because the executor by his conduct had assented to the devise of the property, which by operation of law passed title to Hood notwithstanding that the estate had made and delivered no deed, and that the estate, therefore, no longer had any interest in the property.

Upon the report and recommendation of a special master, the trial court determined that the estate was entitled to notice of foreclosure and dismissed the petition to quiet title. Crippen appealed, and the Court of Appeals affirmed, holding in an unpublished opinion[4] that Crippen had no standing to claim that the

---

[2] See generally OCGA § 23-3-40 et seq.

[3] The estate appeared through Rubin Lee Dixon, the executor of the estate, and Evelyn Dixon, the alternate executrix.

[4] Crippen & Lawrence Investment Co., Inc. v. A Tract of Land Being Known as 444 Lemon Street, Marietta, Cobb County (Case No. A19A0463) (June 19, 2019).

executor had assented to the devise because Crippen was a stranger to the estate. We issued a writ of certiorari to review the question of standing, and we now reverse the decision of the Court of Appeals.

After 12 months have passed, the purchaser of property at a tax sale can foreclose the right of redemption by giving notice of foreclosure to certain interested parties, including "[a]ll persons having of record in the county in which the land is located any right, title, or interest in, or lien upon the property[.]" OCGA § 48-4-45 (a) (1) (C).[5] See also Reliance Equities, LLC v. Lanier 5, LLC, 299 Ga. 891, 894-895 (1) (792 SE2d 680) (2016); Saffo v. Foxworthy, Inc., 286 Ga. 284, 288 (4) (687 SE2d 463) (2009). It is undisputed that, at the time of her death, Bedford had title to the property at issue. Upon her death, title passed by operation of law to the executor of her

---

[5] The purchaser also must give notice to "[t]he defendant in the execution under or by virtue of which the sale was held[,]" OCGA § 48-4-45 (a) (1) (A), and "[t]he occupant, if any, of the property[.]" OCGA § 48-4-45 (a) (1) (B). Whether a stranger to an estate has standing to claim that the executor assented to a devise — the issue that is the subject of our writ of certiorari in this case — arose in the Court of Appeals in connection with its consideration of whether the Bedford estate was entitled to notice under OCGA § 48-4-45 (a) (1) (C). Accordingly, we decide nothing today about OCGA § 48-4-45 (a) (1) (A) or (B).

estate, and under former OCGA § 53-2-108,[6] title would remain with the executor "until the assent of the executor is given to the devise or legacy." See also Pope v. Stanley, 202 Ga. 180, 183 (2) (42 SE2d 488) (1947). As to the form of assent, former OCGA § 53-2-109 provided:

> (a) The assent of the executor may be express or may be presumed from his conduct.
> (b) Assent should be evidenced by a conveyance of realty or tangible personalty or by an assignment or transfer of a chose in action. In the absence of a prior

---

[6] In 1996, the General Assembly enacted a comprehensive revision of the Probate Code. See Ga. L. 1996, p. 504. Although the new Probate Code was generally effective as of January 1, 1998, the General Assembly expressly provided that "no vested rights of title, year's support, succession, or inheritance" could be "impaired" by the adoption of the new Probate Code. See Ga. L. 1997, p. 1352, § 1. Bedford died in 1997, and the probate of her estate commenced in 1997, but to the extent that the executor thereafter assented to the devise of the property, the record in this case indicates that the assent likely was given at some point after January 1, 1998. The parties appear to agree that the old Probate Code applies to any questions of assent in this case, and the Court of Appeals likewise appears to have assumed that the old Probate Code applies. We are not so sure. But as we explain in footnote 7 below, the answer to the only question that we resolve today — whether Crippen has *standing* to claim in a quiet title proceeding that the executor of the Bedford estate gave assent to the devise of the property to Hood and thereby passed title from the estate to Hood — is the same under the old Probate Code and the new Probate Code. We do not, therefore, need to definitively decide today whether the old or new Probate Code controls this case. It is conceivable, however, that the Court of Appeals or the trial court will need to resolve that question on remand.

4

> assent, the discharge of the executor shall be conclusive evidence of his assent.
>
> (c) If no assent has been given within one year after the executor has qualified, a devisee or legatee may cite the executor in the probate court to show cause why his assent should not be given or may compel him to give assent by an equitable proceeding.

. . .

With these provisions, the old Probate Code contemplated several distinct forms of assent to a devise of real property: express assent evidenced by a deed of conveyance; assent implied by the conduct of the executor; assent implied conclusively by the discharge of the executor; and assent compelled by a probate court at the instance of the devisee.

In this case, it is undisputed that no assent was given expressly by a deed of conveyance, that no assent was implied by the discharge of the executor, and that no assent was compelled by a probate court. Crippen contends, however, that assent was implied by the conduct of the executor, namely, his inaction in administering the Bedford estate and his acquiescence in Hood managing and taking possession of the property after the death of her mother. See, e.g.,

5

Holcombe v. Stauffacher, 201 Ga. 38, 41 (38 SE2d 818) (1946) (in the absence of evidence to the contrary, assent may be presumed from legatee's possession of the property); Coleman v. Lane, 26 Ga. 515, 518 (1858) (assent presumed where no express assent after more than 30 years have elapsed from date of testator's death); Cozart v. Mobley, 43 Ga. App. 630, 634 (159 SE 749) (1931) (assent presumed where no express assent after 20 years have elapsed from date of testator's death). Crippen notes that the estate has been dormant since it opened in 1997, and Hood took possession of the property soon after her mother's death, began paying the taxes associated with it in 1998, and thereafter was regarded by the taxing authority as the person responsible for the property and associated taxes. According to Crippen, these circumstances show that the executor assented to the devise of the property, and as a consequence of that assent, title passed at some point from the estate to Hood, and the estate no longer has any title to the property.

The Court of Appeals concluded that because Crippen was a stranger to Bedford and her estate, Crippen lacked standing to

6

assert that the executor impliedly assented by his conduct to the devise to Hood. But in reaching that conclusion, the Court of Appeals confused and conflated distinct forms of assent contemplated by the old Probate Code. Specifically, the Court of Appeals relied on former OCGA § 53-2-109 (c), which provides that only a devisee or legatee can petition a probate court to compel an executor to give assent. But Crippen in this case does not seek to compel assent prospectively. Crippen instead seeks only to prove that assent was given voluntarily and long ago, as implied by the conduct of the executor. No provision of former OCGA § 53-2-109 suggests in any way that only a devisee or legatee is entitled to establish in a proper proceeding that assent — whether express or implied, and whether voluntary or compelled — already has been given. Although Crippen would not have standing to move a probate court to prospectively compel the executor of the Bedford estate to give assent that has been so far withheld, Crippen has standing in this quiet title proceeding to establish that the executor previously assented to the

7

devise to Hood under the old Probate Code.[7]

To the extent that the Court of Appeals held that Crippen was without standing to claim that the executor of the Bedford estate previously assented to the devise to Hood, the judgment of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further proceedings consistent with this opinion.

Judgment reversed in part, and case remanded with direction. All the Justices concur, except Warren, J., not participating, and McMillian, J., disqualified.

---

[7] Crippen also would have standing in this quiet title proceeding to establish assent under the new Probate Code. See note 6, supra. As under the old Probate Code, title to property that is the subject of a testamentary devise passes under the new Probate Code from the estate to the devisee only when "the personal representative assents thereto[.]" OCGA § 53-8-15 (a). Like the old Probate Code, the new Probate Code contemplates several distinct forms of assent:

- Express assent, "evidenced in writing as a deed of conveyance to real property," OCGA § 53-8-15 (b);
- Assent "presumed from the conduct of the personal representative[,]" OCGA § 53-8-15 (b);
- Assent established conclusively by the discharge of the personal representative, OCGA § 53-8-15 (c); and
- Assent compelled by a probate court at the instance of an heir or beneficiary entitled to a distribution of property from the estate, OCGA § 53-8-15 (d).

Similar to former OCGA § 53-2-109 (c), OCGA § 53-8-15 (d) affords standing to heirs and beneficiaries to prospectively compel an unwilling executor to give assent. But nothing in OCGA § 53-8-15 suggests that only heirs or beneficiaries have standing to prove in a proper proceeding that assent has been given already in any of the various forms that the statute contemplates.

8

Decided October 19, 2020.

Certiorari to the Court of Appeals of Georgia — 350 Ga. App. XXIV.

*John H. Coleman*, for appellant.

*Taylor English Duma, Reginald L. Snyder*, for appellees.

*McDaniel & Scott, James L. McDaniel; Barry P. Bettis*, amici curiae.