**FIFTH DIVISION**
**MARKLE, J.,**
**COLVIN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**April 12, 2021**

# In the Court of Appeals of Georgia

A19A0463.  CRIPPEN  &  LAWRENCE  INVESTMENT COMPANY, INC. v. A TRACT OF LAND BEING KNOWN AS 444 LEMON STREET, MARIETTA COBB COUNTY, GEORGIA et al.

MARKLE, Judge.

When Lillie Mae Bedford died, she left her home on Lemon Street to her daughter, Jennifer Hood, who then lived on the property for several years. More than 10 years later, Hood ceased paying the property taxes, and the property was sold to Crippen & Lawrence Investment Co., Inc. (Crippen) at a non-judicial tax sale. See *Crippen & Lawrence Investment Co., Inc. v. a Tract of Land Being Known as 444 Lemon Street, Marietta Cobb County, Georgia et al.*, 310 Ga. 171 (850 SE2d 167) (2020). The following year, Crippen attempted to foreclose the right of redemption and filed a petition to quiet title. Id. Although Hood did not respond to the notice or

petition, Bedford's estate moved to dismiss the petition on the ground that it had not received proper notice of the foreclosure of the right to redeem. Id. In response, Crippen argued that the executor of the estate had assented to the transfer of the property to Hood, and thus the executor was no longer entitled to any notice. Id. The trial court dismissed the petition for quiet title, and we affirmed, finding that Crippen lacked standing to raise the issue of the executor's assent under OCGA § 53-2-109 (c). Id. at 171, 173; *Crippen & Lawrence Investment Co., Inc. v. a Tract of Land Being Known as 444 Lemon Street, Marietta Cobb County, Georgia et al.*, No. A19A0463 (2019) (unpublished). Crippen filed a petition for certiorari, which our Supreme Court granted. *Crippen & Lawrence Investment Co., Inc.*, 310 Ga. at 171-172. The Court ultimately concluded that Crippen had standing to argue that the executor had assented to the transfer of the property to Hood due to the passage of time, and thus remanded the case to this Court with direction. Id. at 174.

Accordingly, we conclude that Crippen had standing in the quiet title proceeding to raise the question of whether the executor had assented to the transfer of the property to Hood.[1] *Crippen & Lawrence Investment Co., Inc.*, 310 Ga. at 174.

---

[1] Nothing in the Supreme Court's opinion affected the other issues addressed in our prior opinion. See *Crippen & Lawrence Investment Co., Inc. v. a Tract of Land Being Known as 444 Lemon Street, Marietta Cobb County, Georgia et al.*, No.

We now consider the merits of Crippen's argument that the executor had assented to the transfer due to his inaction on the estate for more than 20 years.

Generally, assent is presumed after a period of time, but may be rebutted by the specific facts of the case. See *Hosp. Auth. of Albany v. Stewart*, 122 Ga. App. 497, 498 (3) (177 SE2d 270) (1970); *Cozart v. Mobley*, 43 Ga. App. 630, 634 (159 SE 749) (1931). Importantly, here, the special master made no findings regarding whether there had been an assent due to the passage of time and lack of activity on the estate, and the trial court adopted the special master's report without change. Accordingly, as Crippen had standing to raise the issue of assent, and the trial court

A19A0463 (2019) (unpublished). When the Supreme Court "considers only a portion of a Court of Appeals' opinion and reverses, it is for the Court of Appeals to determine on remand whether the portions of its earlier opinion that were not considered by [the Supreme Court] are consistent with [its] ruling." *Shadix v. Carroll County*, 274 Ga. 560, 563(1) (554 SE2d 465) (2001); see also *Agnes Scott College, Inc. v. Hartley*, 330 Ga. App. 575, 576 (2) (768 SE2d 767) (2015). Thus, if our decisions in the other divisions of our original opinion are consistent with the Supreme Court's opinion, it "becomes binding upon the return of the remittitur. If, however, such portions are not consistent with the Supreme Court's ruling, we must enter an appropriate disposition concerning those portions that reconciles them with the Supreme Court's ruling." (Citation and punctuation omitted.) *Agnes Scott College, Inc.*, 330 Ga. App. at 576 (2). Here, the Supreme Court's ruling on the issue of standing has no affect on our remaining rulings regarding the executor's alleged failure to respond to the requests to admit, Hood's role as an agent of the executor, or the sufficiency of notice of the barment by attaching it to the petition to quiet title. As a result, these rulings remain binding precedent.

3

did not address this issue, we must remand the case for the trial court to consider the executor's assent in the first instance. If the executor assented to the transfer of the property to Hood, then the executor was not entitled to notice of the foreclosure of the right to redeem, and Crippen's petition for quiet title can proceed. See *National Tax Funding, L. P. v. Harpagon Co., LLC*, 277 Ga. 41, 43 (2) (586 SE2d 235) (2003) (all interested parties are entitled to notice of the right to redemption).

*Judgment reversed, and case remanded with direction. Colvin and Pipkin, JJ., concur*.

4