**FIFTH DIVISION**
**REESE,**
**MARKLE and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**April 7, 2022**

# In the Court of Appeals of Georgia

A20A0072. CUFFIE et al. v. ARMSTRONG et al.

MARKLE, Judge.

In *Cuffie v. Armstrong*, 355 Ga. App. 471, 475 (1) (843 SE2d 599) (2020), we held that Armstrong's professional malpractice claim against the Cuffie Law Firm, arising from an attorney's failure to protect an underinsured motorist claim, was barred by the statute of limitations. Armstrong filed a petition for certiorari, which our Supreme Court granted. *Armstrong v. Cuffie*, 311 Ga. 791 (860 SE2d 504) (2021). On review, our Supreme Court held that the malpractice claim accrued, and the limitation period began to run, as of the last day counsel could lawfully effect service on the underinsured motorist carrier. Id, at 795-796 (2). The Court thus concluded that Armstrong's claim was not time-barred, and it reversed our opinion and remanded the case for further proceedings. Id. at 797 (2).

We now adopt the Supreme Court's opinion as our own. We therefore affirm the trial court's denial of the Cuffie Law Firm's motion for reconsideration of its denial of the motion to dismiss, and we remand the case to the trial court for further proceedings.[1]

*Judgment affirmed. Reese and Pinson, JJ., concur.*

---

[1] When the Supreme Court "considers only a portion of a Court of Appeals' opinion and reverses, it is for the Court of Appeals to determine on remand whether the portions of its earlier opinion that were not considered by [the Supreme Court] are consistent with [its] ruling." *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001); see also *Agnes Scott College v. Hartley*, 330 Ga. App. 575, 576 (2) (768 SE2d 767) (2015). Here, the other divisions in our prior opinion are consistent with the Supreme Court's ruling, and therefore remain binding precedent. *Agnes Scott College*, 330 Ga. App. at 576 (2).