**FIFTH DIVISION**
**BROWN, C. J.,**
**MCFADDEN, P.J. and MARKLE J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 26**, 2025

# In the Court of Appeals of Georgia

A23A0614. FRANKLIN COUNTY v. WASSERMAN.

MARKLE, Judge.

Sherran Lynn Wasserman sought to sell property she owned in Franklin County, the sale of which was contingent on the buyer obtaining a conditional use permit to construct poultry houses. When Franklin County and its Board of Commissioners ("the Board") denied the prospective property buyer's application for a conditional use permit, the sale fell through and Wasserman filed an action against the Board, asserting a violation of equal protection rights.[1] *Franklin County v. Wasserman*, 367 Ga. App. 694 (888 SE2d 219) (2023). The County and the Board

---

[1] Wasserman also asserted claims for violation of due process rights, injunctive and mandamus relief, and interference with her contractual rights, and she sought to invalidate the zoning decision. She later conceded, however, that the equal protection claims were the only ones upon which she was proceeding.

(collectively, "the BOC") moved for summary judgment, and the trial court denied the motion. As to standing, the trial court applied the federal doctrine of "third-party standing" under the Supreme Court of Georgia's decision in *Feminist Women's Health Center v. Burgess*, 282 Ga. 433 (651 SE2d 36) (2007), and concluded that there were genuine issues of material fact as to whether the third-party standing test was met; thus precluding summary judgment on this issue. *Franklin County*, 367 Ga. App. at 695.

In its initial appeal, the BOC argued that the trial court erred by (1) denying its motion as to Wasserman's equal protection claim based on racial discrimination because Wasserman lacked standing to assert the claim on behalf of the buyer, and (2) denying its motion as to Wasserman's equal protection "class of one" claim because she failed to establish a prima facie case to make this claim.

On appeal, we reversed, concluding that Wasserman lacked standing to bring an equal protection claim as a protected class on behalf of the buyer.[2] *Franklin County*, 367 Ga. App. at 696-698 (1).

Our Supreme Court granted certiorari and vacated our decision to address third-party standing, holding that "Georgia's rules of constitutional standing are not compatible with the federal doctrine of third-party standing[,]" and thus Georgia courts do not have the power to adjudicate a plaintiff's claim that asserts only the rights of third parties. *Wasserman v. Franklin County*, 320 Ga. 624, 640, 644 (II) (A) (2) (911 SE2d 583) (2025). In reaching this conclusion, the Court overruled its decision in *Feminist Women's Health Center* and its progeny, on which the trial court relied. Id. at 649 (II) (B) (2).

---

[2] We further concluded that Wasserman's equal protection "class of one" claim failed because she could not establish a prima facie showing for this claim, and we did not address the standing issue as to that claim. 367 Ga. App. at 698-699 (2). However, Wasserman did not seek certiorari on this claim, and our Supreme Court's decision leaves our decision on this issue intact. "When the Supreme Court considers only a portion of a Court of Appeals' opinion and reverses, it is for the Court of Appeals to determine on remand whether the portions of its earlier opinion that were not considered by [the Supreme Court] are consistent with [the Supreme Court's] ruling." (Citation and punctuation omitted.) *Agnes Scott College v. Hartley*, 330 Ga. App. 575, 576 (2) (768 SE2d 767) (2015).

The Supreme Court noted, however, that Wasserman also asserted that she had constitutional standing to assert the buyer's equal protection rights as her own because the buyer had assigned his claim regarding his rights to the conditional use permit under an agreement. *Wasserman*, 320 Ga. at 652-653 (III) (B). The Court further noted that the County raised threshold questions in response to Wasserman's argument regarding whether the buyer's equal protection claim was assignable, and had in fact been assigned to Wasserman such that she could assert his equal protection rights as her own in a state court. Id., 320 Ga. at 653 (III) (B). The Court then remanded the case to us, holding that, because Wasserman had proceeded under a third-party standing theory below, and because these arguments regarding assignment had not been raised nor addressed in the trial court, it would "leave it to the courts below to resolve these questions in the first instance *if Wasserman continues to press her assignment argument on remand*." (Emphasis supplied.) Id. at 653 (III) (B).

We now adopt the Supreme Court's decision as our own. Because Wasserman continues to argue she has constitutional standing to assert the buyer's equal protection claims as her own based on an assignment of his rights to her, and this argument was not ruled on by the trial court, we remand this case to the trial court to

consider this issue in the first instance.[3] *Trident Wholesale v. Brown*, 370 Ga. App. 505, 511 (1) (897 SE2d 610) (2024) ("Needless to say, we are a court of review, not of first view. Put another way, this is a court for the correction of errors of law; and if the trial court has not ruled on an issue, we will not address it.") (citations and punctuation omitted).

*Judgment vacated and case remanded with direction. Brown, C. J., and McFadden, P. J., concur.*

_____

[3] In her motion for permission to file a supplemental brief with this Court, Wasserman asserts she "does desire to press her assignment argument on remand[.]" Because we are remanding the case to the trial court, this motion is moot.