S01G0570. SHADIX et al. v. CARROLL COUNTY et al.
(554 SE2d 465)

SEARS, Presiding Justice.

For a second time now this Court has granted certiorari in this matter. In our first grant of certiorari, we considered only one of the two divisions in a Court of Appeals' opinion, and we reversed. On remand, the Court of Appeals held that because our opinion did not contain express language limiting our reversal to only the one division considered, it was "constrained" to vacate both divisions of its earlier opinion. That ruling has now prompted us to grant certiorari for a second time. As explained below, we conclude that the Court of Appeals' most recent ruling erroneously extended the "law of the case" doctrine to an issue that was neither considered nor decided by this Court. However, as explained below, the final judgment of the Court of Appeals was correct, albeit for the wrong reasons. Therefore, we affirm.

Three appellate opinions underlie this, our most recent, grant of certiorari:

*Shadix I*

In Division 1 of *Shadix v. Carroll County* (*"Shadix I"*),[1] the Court of Appeals considered a Carroll County special purpose local option sales tax ("SPLOST") imposed by referendum for the raising of "not

---

[1] 239 Ga. App. 191 (521 SE2d 99) (1999).

more than $34 million" (1) for a period of time not to exceed four years for purposes of road and bridge improvements, and (2) for a period of time not to exceed five years for purposes of other capital improvements. A taxpayer association brought suit seeking declaratory and injunctive relief to halt the collection of SPLOST proceeds. The trial court denied relief, and ruled that the SPLOST would terminate at the end of five years. In Division 1 of *Shadix I*, the Court of Appeals reversed the trial court's ruling, and held that the SPLOST terminated when the $34 million was raised, and not at the conclusion of a predetermined time period.[2]

In Division 2 of *Shadix I*, the Court of Appeals considered Counts 4, 5 and 6 of the plaintiffs' original complaint. Count 4 had sought to enjoin Carroll County from using tax revenues collected during the SPLOST's fifth year for road and bridge improvements. Count 5 had sought to enjoin the County from spending any SPLOST proceeds collected in excess of $34 million. Count 6 had sought to enjoin the County from failing to maintain required records of its spending of SPLOST proceeds. The trial court had granted summary judgment to the County on all three of these claims. The Court of Appeals also reversed that ruling, and then remanded the entire matter to the trial court with direction that discovery be conducted on Counts 4, 5 and 6, and that proper findings of fact and conclusions of law then be made.[3] That action was forestalled, however, by this Court's first grant of certiorari in this matter.

## Shadix II

In *Carroll County v. Shadix* ("*Shadix II*"),[4] this Court granted certiorari to consider only Division 1 of *Shadix I*. Division 2 of *Shadix I* was not implicated in our certiorari question and was not addressed in this Court's opinion. *Shadix II* reversed Division 1 of *Shadix I*, and held that the SPLOST terminated at the end of five years, regardless of whether more than $34 million in tax revenues was raised. The matter was then returned to the Court of Appeals so that the judgment of this Court could be entered.

---

[2] 239 Ga. App. at 195.
[3] Counts 4, 5 and 6 were added by plaintiffs late in the trial court proceedings, and it appears there may have been little, if any, discovery conducted on these counts before the entry of summary judgment by the trial court.
[4] 272 Ga. 631 (533 SE2d 706) (2000).

## *Shadix III*

On remand in *Shadix v. Carroll County* ("*Shadix III*"),[5] the Court of Appeals held that in light of this Court's ruling in *Shadix II*, *Shadix I* was vacated in its entirety — including Division 2 of *Shadix I* — and the trial court's judgment was affirmed. The Court of Appeals rejected appellants' arguments that *Shadix III* erroneously construed the "law of the case doctrine," and that because Division 2 of *Shadix I* was not considered by the Supreme Court in *Shadix II*, Division 2 of *Shadix I* should remain undisturbed. The Court of Appeals concluded that because *Shadix II* reversed *Shadix I*, and because there was no language in *Shadix II* limiting its holding to only Division 1 of *Shadix I*, it was "constrained" to vacate *Shadix I* in its entirety and to affirm the earlier judgment of the trial court.

This Court has now granted a second petition for certiorari in order to consider the Court of Appeals' ruling in *Shadix III*. As explained below, we conclude that *Shadix III* improperly extended the "law of the case" doctrine to issues that were neither considered nor ruled upon by this Court in *Shadix II*. However, even though *Shadix III* was based upon faulty reasoning, it reached the correct conclusion and therefore will be affirmed.

1. As recently held in *Security Life Ins. Co. of America v. Clarke*,[6] the "law of the case" rule makes " 'any ruling by the Supreme Court . . . binding in all subsequent proceedings in that case in the lower court[s].' "[7] It is a jurisprudential axiom that Georgia's courts are required to adhere to the "law of the case" rule in all matters which they decide.[8] Even when the law subsequently changes, appellate rulings remain binding as between parties to a case, so long as the evidentiary posture of the case remains unchanged.[9]

In *Security Life*, we noted that "when the Supreme Court affirms in part and reverses in part a decision of the Court of Appeals, any portions of the Court of Appeals' decision that are not considered by the Supreme Court are unaffected by the Supreme Court's opinion."[10] This principle's application is not limited to situations where this Court expressly reverses in part and affirms in part. Rather, it also extends to situations where this Court simply reverses a ruling appealed from without also expressly affirming, or even addressing,

---

[5] 247 Ga. App. 305 (543 SE2d 732) (2000).

[6] 273 Ga. 44 (535 SE2d 234) (2000).

[7] 273 Ga. at 46, quoting *DeHart v. Liberty Mut. Ins. Co.*, 270 Ga. 381, 387 (509 SE2d 913) (1998) (Carley, J., concurring, quoting OCGA § 9-11-60 (h)); see *Jebco Ventures v. City of Smyrna*, 259 Ga. 599 (385 SE2d 397) (1989).

[8] See OCGA § 9-11-60 (h); *DeHart*, supra; *Jebco Ventures*, supra.

[9] *Widener v. Ashkouti*, 239 Ga. App. 530 (521 SE2d 215) (1999).

[10] 273 Ga. at 46-47.

a different portion of that same opinion.[11]

This is not to say, however, that those portions of a Court of Appeals' decision not considered or addressed by the Supreme Court when reversing also become the law of the case. The "law of the case" rule, it must be remembered, applies only "to actual decisions, not to issues raised . . . but never ruled upon."[12] Thus, when the Supreme Court grants certiorari to consider only a particular portion of a Court of Appeals' opinion and reverses based upon that portion, it is only those issues actually considered and ruled upon by this Court that fall within the "law of the case" doctrine.

Whenever this Court considers only a portion of a Court of Appeals' opinion and reverses, it is for the Court of Appeals to determine on remand whether the portions of its earlier opinion that were not considered by this Court are consistent with this Court's ruling. If such portions are consistent with this Court's ruling, then they become binding upon the return of the remittitur. If, however, such portions are not consistent with this Court's ruling, the Court of Appeals must enter an appropriate disposition concerning those portions that reconciles them with this Court's ruling.

It follows that the Court of Appeals, when considering the effect of a reversal from this Court, should not look for nomenclature in our opinion to define the scope of our ruling. No such "magic words" are required to circumscribe our reversals. To reiterate, whenever this Court reverses a Court of Appeals' opinion without considering or addressing a division of that opinion, we do not determine our reversal's impact upon that particular division, and we leave it to the Court of Appeals to determine what impact, if any, our reversal has upon that particular division.[13]

Therefore, when faced with the Supreme Court's reversal of one of its opinions, the Court of Appeals is required: (1) to read this Court's opinion within the context of the opinion being reversed; (2) to determine whether any portions of the opinion being reversed

---

[11] *DeKalb County v. Wideman*, 262 Ga. 210, 211 (416 SE2d 498) (1992) (any portions of a Court of Appeals' opinion not considered by this Court when reversing are unaffected by this Court's decision).

[12] *Parks v. State Farm Gen. Ins. Co.*, 238 Ga. App. 814 (520 SE2d 494) (1999).

[13] In this regard, *Security Life*, supra, is distinguishable. In that case, this Court granted certiorari to address three issues, and issued an opinion that did not address and therefore effectively affirmed one of those issues. 273 Ga. at 46. On remand, the Court of Appeals vacated its earlier ruling regarding that particular issue. Since that issue clearly had been considered by this Court, as it fell within the granted certiorari question, the Court of Appeals' action violated the "law of the case" doctrine. 273 Ga. at 47. In the present matter, however, the Court of Appeals vacated a division of its earlier opinion that was neither implicated in our certiorari question nor addressed and ruled upon in our opinion, effectively treating that division as if it was the "law of the case," when it was not entitled to such treatment.

were neither addressed nor considered by the Supreme Court; and (3) enter an appropriate disposition with regard to those portions that is consistent with the issues addressed and considered by this Court.

2. We now apply these principles to this matter. In *Shadix III*, the Court of Appeals ruled that due to "the absence of any language limiting the decision [of the Supreme Court in *Shadix II*] to Division [1 of *Shadix I*]," it was required to treat *Shadix II* as if it reversed both Division 1 and Division 2 of *Shadix I*.[14] This conclusion was reached even though our ruling in *Shadix II* neither addressed nor decided any of the issues discussed in Division 2 of *Shadix I*. Thus, the Court of Appeals treated *Shadix II's* silence on Division 2 of *Shadix I* as a reversal of that Division, when in fact *Shadix II's* only ruling was to reverse Division 1 of *Shadix I*. In essence, then, *Shadix III* erroneously extended the "law of the case" doctrine to issues that were neither considered nor addressed by this Court when reversing.

When, in *Shadix II*, this Court reversed the Court of Appeals' ruling in *Shadix I*, we only considered and only addressed Division 1 of *Shadix I*. Therefore, on remand, the Court of Appeals should have determined whether Division 2 of *Shadix I* could be reconciled with our reversal in *Shadix II*, and should have entered an appropriate disposition with regard to Division 2.

3. In the interest of judicial economy, we will now determine the effect of our reversal in *Shadix II* upon Division 2 of *Shadix I*. In Division 2, the Court of Appeals had reversed the trial court's grant of summary judgment to Carroll County on Counts 4, 5 and 6 of the original complaint.

(a) The parties have conceded before this Court that Count 5, which had sought to enjoin the County from spending any SPLOST proceeds collected in excess of $34 million, is moot in light of our ruling in *Shadix II* that the tax does not terminate when $34 million is collected.[15] Therefore, we need not address the impact of *Shadix II* on Count 5.

(b) Count 4 had sought to enjoin Carroll County from using revenues collected during the SPLOST's fifth year for road improvements. In light of its ruling that the SPLOST did not terminate for five years, the trial court had concluded this issue was either moot, without merit, or otherwise not shown to warrant relief. In *Shadix I*, the Court of Appeals reversed that ruling, held that Count 4 was viable, and remanded Count 4 to the trial court for factual findings and conclusions of law.[16]

---

[14] 247 Ga. App. at 305.

[15] 272 Ga. at 633-634.

[16] 239 Ga. App. at 196-197.

In *Shadix II*, this Court held that the SPLOST terminated at the end of five years.[17] The statute governing our resolution of *Shadix II* provided that proceeds collected in the fifth year of a mixed purpose SPLOST, such as existed here, could be used for both road and non-road purposes.[18] That provision cannot be reconciled with the Court of Appeals' ruling in *Shadix I* that there was viability to the tax-payer's claim that tax revenues collected during the SPLOST's fifth year could not be used for road improvements. It follows that the portion of *Shadix I* addressing Count 4 of the complaint is incompatible with *Shadix II*, and must be vacated.

(c) Count 6 had sought to enjoin the County from failing to maintain proper records of its spending of excess SPLOST proceeds.[19] The trial court had concluded that Count 6 was either moot, without merit, or otherwise not shown to warrant relief. In *Shadix I*, the Court of Appeals reversed and remanded, reasoning that because proceeds collected in excess of $34 million were unauthorized, the trial court should have made factual findings and legal conclusions concerning Count 6.[20] That reasoning cannot be reconciled with *Shadix II*'s conclusion that SPLOST proceeds in excess of $34 million are authorized and may be collected. Hence, because the portion of *Shadix I* addressing Count 6 cannot be reconciled with *Shadix II*, it also must be vacated.

This Court will affirm the judgment of a lower court so long as it is right for any reason, even if it is based upon erroneous reasoning.[21] In *Shadix III*, the Court of Appeals vacated Division 2 of *Shadix I* because this Court did not expressly direct otherwise in *Shadix II*. As explained above, that reasoning was erroneous. Division 2 of *Shadix I* should have been vacated solely because it cannot be reconciled with our ruling in *Shadix II*. Because the final judgment in *Shadix III* was correct for that particular reason, it will be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 22, 2001 —
RECONSIDERATION DENIED DECEMBER 3, 2001.

*Gary P. Bunch*, for appellants.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, David A. Runnion, Assistant Attorney General,*

---

[17] 272 Ga. at 633-634.

[18] OCGA § 48-8-121 (a) (3) (1987).

[19] See OCGA § 48-8-121 (a) (2) (1987).

[20] 239 Ga. App. at 196-197.

[21] *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673) (1989).

*Carothers & Mitchell, Richard A. Carrothers, Thomas M. Mitchell, David A. Basil,* for appellees.