In the Supreme Court of Georgia

Decided:     October 16, 2017

S17C1491.  JORDAN v. EVERSON et al.

PER CURIAM.

Following the death of Ben Everson, his parents sued Brian Jordan, the emergency room physician who attended to Ben two days before his death. Jordan's motion for summary judgment was denied by the trial court, and he appealed to the Court of Appeals. In Everson v. Phoebe Sumter Medical Center, 341 Ga. App. 182, 192-193 (5) (b) (798 SE2d 667) (2017), the Court of Appeals affirmed the denial of summary judgment. In reaching its decision, the Court of Appeals held that an independent, intervening act breaks the chain of causation in a wrongful death case only to the extent that the independent, intervening act is "wrongful or negligent." Because this holding was erroneous and is in conflict with longstanding precedent of this Court, we grant the petition for writ of certiorari filed by Jordan and reverse that portion of Everson.[1]

---

[1] Jordan's petition for certiorari also asks this Court to review other aspects of the decision of the Court of Appeals in Everson. We decline to do so, and we leave its judgment undisturbed other than as reflected herein.

Viewed in the light most favorable to the Eversons, the evidence shows that Mrs. Everson took Ben to the emergency room on April 29, 2008 because he was hearing voices and hallucinating. Dr. Jordan diagnosed Ben with obsessive-compulsive disorder and ordered that he be discharged that afternoon. When Mrs. Everson asked if there was anything else that should be done for Ben, she was told that she could call to make an appointment to have him evaluated at a nearby mental health facility. Mrs. Everson then asked if she would have better luck securing a timely appointment if someone from the emergency room made the phone call for her, someone did so, and Ben was scheduled with an appointment at the nearby mental health facility for the afternoon of May 1. But the Eversons had lived in Durham, North Carolina for 17 years and had numerous contacts at Duke University Hospital. Mr. Everson spoke with a psychiatrist at Duke, made an appointment for Ben for the afternoon of May 1, and began the drive to Durham with Ben in lieu of taking him to the nearby facility. On the morning of May 1, as Mr. Everson was driving on the interstate, Ben took off his seat belt, jumped out of the moving car, and ran down the highway. He was ultimately struck by a vehicle and killed.

2

In affirming the denial of summary judgment to Jordan, the Court of Appeals found that a jury would have to determine that the action of driving Ben to Durham was "wrongful or negligent" before it could determine that such action broke any causal chain between Jordan's conduct and Ben's death. That was incorrect, as there is no requirement in Georgia that an intervening act be "wrongful or negligent" to break the causal chain. As we explained more than 100 years ago in Southern R. Co. v. Webb, 116 Ga. 152, 156 (1) (42 SE 395) (1902):

> Some authorities have formulated rules on this subject designed for general application, as that the defendant is not responsible where there has intervened the willful wrong of a third person, or is liable where such act is of a negligent character merely. But the better doctrine is believed to be that whether or not the intervening act of a third person will render the earlier act too remote depends simply upon whether the concurrence of such intervening act might reasonably have been anticipated by the defendant.

(citation omitted). In order to assess whether the act of driving Ben on the interstate severed any causal chain in this case, the jury would not have to determine whether the act was wrongful or negligent but only whether it was reasonably foreseeable by Jordan or if it was triggered by his conduct. See Zaldivar v. Prickett, 297 Ga. 589, 601 (2) (774 SE2d 688) (2015). This is

3

consistent with the usual understanding in American law. See 57A AmJur2d Negligence § 618.

In holding that an intervening act must be "wrongful and negligent" to break the causal chain, the Court of Appeals relied upon a single sentence plucked from our recent decision in Goldstein, Garber & Salama v. J. B., 300 Ga. 840 (797 SE2d 87) (2017), in which we said:

> that its negligence is not the proximate cause of the plaintiff's injuries, but that an act of a third party intervened to cause those injuries, the rule is that an intervening and independent wrongful act of a third person producing the injury, and without which it would not have occurred, should be treated as the proximate cause, insulating and excluding the negligence of the defendant.

The Court of Appeals read too much into that sentence. In Goldstein, we were addressing whether an indisputably wrongful act — a sexual assault — intervened to break the causal chain. We did not consider whether an intervening act always *must* be wrongful, and we certainly did not overrule Webb. To the extent that the Court of Appeals held that summary judgment was

properly denied to Jordan because the alleged intervening act was not "wrongful or negligent," its judgment is reversed.[2]

Petition for writ of certiorari granted, and judgment of the Court of Appeals reversed in part. All the Justices concur.

---

[2] Our rules contemplate that we may, in some cases, grant a petition for certiorari and dispose of the case summarily, without full briefing and oral argument. See Supreme Court Rule 50 (2). Here, Jordan and the Eversons agree that the Court of Appeals was wrong when it held that an intervening act always must be "wrongful or negligent," and given longstanding precedent of this Court, the issue is not close. More briefs or oral argument would not aid the decisional process, and a summary disposition is appropriate here.