**THIRD DIVISION**
**MILLER, P. J., MCFADDEN, P. J.,**
**MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 11, 2018**

# In the Court of Appeals of Georgia

A16A1710. JORDAN v. EVERSON et al.

MCFADDEN, Presiding Judge.

In *Everson v. Phoebe Sumter Med. Center*, 341 Ga. App. 182 (798 SE2d 667) (2017), we issued a single opinion in two appeals, Case No. A16A1709 and Case No. A16A1710, in which we affirmed the trial court's grant of summary judgment to a hospital and denial of summary judgment to a doctor in a medical malpractice action. In *Jordan v. Everson*, 302 Ga. 364 (806 SE2d 533) (2017), our Supreme Court reversed our judgment in part in Case No. A16A1710, concluding that we erred "[t]o the extent that [we] held that summary judgment was properly denied to [defendant] Jordan because the alleged intervening act was not 'wrongful or negligent[.]'" Id. at 365-366. "In order to assess whether the [alleged intervening act] severed any causal chain in this case, the jury would not have to determine whether the act was wrongful

or negligent but only whether it was reasonably foreseeable by Jordan or if it was triggered by his conduct." Id. at 365.

The Supreme Court left the remainder of our judgment undisturbed. Id. n. 1.

Divisions 1 through 4 of our opinion in *Everson*, 341 Ga. App. 182, concern issues raised in Case No. A16A1709 regarding Jordan's co-defendant. Because the Supreme Court neither addressed nor considered those Divisions, they "become binding upon the return of the remittitur." *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001).

The following paragraph of our decision, in Division 5 (b), contains the holding that the Supreme Court has ruled to be erroneous:

Moreover, when a defendant claims

> that its negligence is not the proximate cause of the plaintiff's injuries, but that an act of a third party intervened to cause those injuries, the rule is that an intervening and independent *wrongful* act of a third person producing the injury, and without which it would not have occurred, should be treated as the proximate cause, insulating and excluding the negligence of the defendant.

*Goldstein Garber & Salama, LLC v. J. B.*, 300 Ga. 840, 841 (1) (797 SE2d 87) (2017) (citation and punctuation omitted; emphasis supplied).

2

> This principle applies to the claims against Jordan brought by Everson's estate, to which Everson's parents are third parties. Jordan has offered nothing — no argument, citation to authority, or citation to the record — to support the proposition that the decision by Everson's parents to take him to Duke University rather than Middle Flint for further evaluation was a wrongful or negligent act.

*Everson*, 341 Ga. App. at 192-193 (5) (b). We therefore vacate the above-quoted portion of Division (5) (b) and in its place adopt as our own the Supreme Court's opinion in *Jordan*, 302 Ga. at 364.

Division 5 (a) and the remaining portions of Division 5 (b) of our opinion in *Everson*, 341 Ga. App. at 182, are not inconsistent with the Supreme Court's own opinion; to the contrary, the Supreme Court expressly left these aspects of our decision undisturbed. So Division 5 (a) and the remaining portions of Division 5 (b) (all but the above-quoted paragraph) "become binding upon the return of the remittitur." *Shadix*, supra at 563 (1).

The aspects of our decision in *Everson*, supra, that the Supreme Court left undisturbed support our ultimate resolution of Case No. A16A1710 — that Jordan was not entitled to summary judgment and so the trial court did not err in denying his summary judgment motion. Therefore, we affirm the trial court's ruling.

3

*Judgment affirmed. Miller, P. J., and McMillian, J., concur.*