**THIRD DIVISION**
**MILLER, P. J.,**
**DOYLE P, J., and BROWN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 1, 2023**

# In the Court of Appeals of Georgia

A21A0142. COE et al. v. PROSKAUER, LLP.

DOYLE, Presiding Judge.

This case is before us on remand from the Supreme Court of Georgia. Douglas Coe, Jacqueline Coe, and GFLIRB, LLC (collectively, the "Coes"), filed a renewal action against Proskauer Rose LLP ("Proskauer"), related to a legal opinion provided to the Coes. After the trial court granted summary judgment to Proskauer, the Coes appealed. In *Coe v. Proskauer Rose LLP ("Coe I")*,[1] we affirmed the trial court's grant of summary judgment, concluding in relevant part that the Coes' claims were barred by the statutes of limitation and that their causes of action were not tolled because the Coes would have discovered the claims within the limitation periods if they had exercised ordinary care.

---

[1] 360 Ga. App. 68 (860 SE2d 630) (2021).

The Supreme Court of Georgia, however, granted certiorari and reversed our decision.[2] The Supreme Court concluded that the limitation periods for the Coes' claims of fraud, negligent misrepresentation, and legal malpractice must all be considered separately and that under the facts of this case, the Coes' claims for fraud and negligent misrepresentation accrued in 2002.[3] Because those claims are subject to a four-year statute of limitation, the Coes' complaint (which was filed in 2015) is barred by the statutes of limitation unless the claims were tolled.[4] The Supreme Court further concluded that it cannot be determined as a matter of law whether the Coes' claims were tolled because, viewing the record in the light most favorable to the Coes as non-movants on the motion for summary judgment, there is a genuine dispute of material fact as to whether the Coes failed to exercise reasonable diligence in discovering Proskauer's allegedly fraudulent acts.[5]

---

[2] *Coe v. Proskauer Rose, LLP*, 314 Ga. 519 (878 SE2d 235) (2022).

[3] Id. at 525-529 (2).

[4] Id. at 529 (3).

[5] Id. at 529-533 (3).

In accordance with the Supreme Court's decision, we hereby vacate Divisions 1 and 2 of *Coe I*, adopt the Supreme Court's opinion, and remand the case for further proceedings consistent with this opinion.[6]

*Judgment affirmed in part and reversed in part, and case remanded with direction. Miller, P. J., and Brown, J., concur.*

---

[6] Divisions 3 and 4 of *Coe I* were not affected by the Supreme Court's decision and thus remain in effect. See *Shadix v. Carroll County*, 274 Ga. 560, 563- 564 (1) (554 SE2d 465) (2001).