**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 11, 2023**

# In the Court of Appeals of Georgia

A22A0939. FAVORITO et al. v. WAN et al.

A22A1097. JEFFORDS et al. v. FULTON COUNTY et al.

McFADDEN, Presiding Judge.

This case returns to us from the Supreme Court after review on certiorari. It arises out of the 2020 presidential election.

Appellants Garland Favorito, Caroline Jeffords, Trevor Terris, Christopher Peck, Michael Scupin, Sean Draime, Stacy Doran, Brandi Taylor, and Robin Sotir brought claims founded on vote dilution against members of the Fulton County Board of Registration and Elections. Jeffords and Sotir also claimed that Fulton County had violated the Georgia Open Records Act. The trial court dismissed the vote dilution claims for lack of standing and the open records claims because they had already been

fully adjudged in a prior order. We affirmed in *Favorito v. Wan*, 364 Ga. App. 745 (875 SE2d 892) (2022).

Our Supreme Court granted certiorari and has now vacated our opinion and remanded with direction that we reconsider it in light of the Supreme Court's subsequent opinion on standing in *Sons of Confederate Veterans v. Henry Cnty. Bd. of Commrs.*, 315 Ga. 39 (880 SE2d 168) (2022). We are guided by the rules that obtain when the Supreme Court reverses one of our opinions. On those occasions, we are required:

> (1) to read [the Supreme] Court's opinion within the context of the opinion being reversed; (2) to determine whether any portions of the opinion being reversed were neither addressed nor considered by the Supreme Court; and (3) enter an appropriate disposition with regard to those portions that is consistent with the issues addressed and considered by [the Supreme] Court.

*Shadix v. Carroll Cnty.*, 274 Ga. 560, 563-564 (1) (554 SE2d 465) (2001).

Division 2 of our prior opinion in this case, which did not concern standing, is unaffected by the Supreme Court's opinion in *Sons of Confederate Veterans*, supra. So we reaffirm it.

As to Division 1 of our opinion, this court and the trial court administered the still-settled rule that, to establish standing, "a litigant must demonstrate (1) an injury

in fact; (2) a causal connection between the injury and the causal conduct; and (3) the likelihood that the injury will be redressed with a favorable decision." *Favorito*, supra at 746–747 (1) (citation and punctuation omitted). More particularly, we affirmed the trial court's holding that the appellants had failed to satisfy the injury-in-fact requirement because they had failed to show an individualized injury. Id at 747-748 (1).

Now, however, our Supreme Court has held that under Georgia law an "injury need not always be individualized; sometimes it can be a generalized grievance shared by community members, especially other residents, taxpayers, voters, or citizens." *Sons of Confederate Veterans*, supra. The Court described the persons authorized to assert such standing as "community stakeholders," explaining:

> Georgia has long recognized that members of a community, whether as citizens, residents, taxpayers, or voters, may be injured when their local government fails to follow the law. Government at all levels has a legal duty to follow the law; a local government owes that legal duty to its citizens, residents, taxpayers, or voters (i.e., community stakeholders), and the violation of that legal duty constitutes an injury that our case law has recognized as conferring standing to those community stakeholders, even if the plaintiff suffered no individualized injury.

Id. at 39-40.

Turning to the particular case before it, the Supreme Court held that one of the plaintiffs "ha[d] standing to assert a claim for injunctive relief against her local county government," but that the other plaintiffs did not have standing because they had "not shown that they are members of the communities the governments of which they seek to sue[.]" Id. at 40

Application of the community stakeholder requirement set out in *Sons of Confederate Veterans* to the case before us is straightforward. In this case, it is undisputed, as alleged in the appellants' petitions, that Scupin, Draime, Doran, Taylor, and Sotir are not Fulton County residents, but are residents of other counties. So we reaffirm the dismissals of their claims for lack of standing since they "did not allege that they are citizens, residents, or taxpayers of . . . the count[y] that they sued[ and] have set forth no allegations showing that they are community stakeholders[.]" *Sons of Confederate Veterans*, supra at 66 (2) (d) (ii).

As for appellants Favorito, Jeffords, Terris, and Peck, they all alleged in the petitions that they are residents of Fulton County. Accordingly, we vacate the dismissals of their claims and remand to the trial court for further consideration in the first instance of their standing in light of *Sons of Confederate Veterans*. We note our Supreme Court's admonition regarding federal authority.

4

[I]n the future, Georgia courts should apply principles of federal standing only to the extent they are (1) following binding precedents of this Court or (2) considering other federal precedent as persuasive authority only to the extent that those federal decisions actually were guided by the same language, history, and context as that of the relevant state provision.

Id. at 45 (2) (a), n. 4 (citation and punctuation omitted).

*Judgment affirmed in part, vacated in part, and case remanded with direction.*

*Gobeil and Land, JJ., concur.*