**THIRD DIVISION**
**DOYLE, P. J.,**
**BROWN and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 6, 2023**

# In the Court of Appeals of Georgia

A21A1269, A21A1270. GOLDEN PEANUT COMPANY, LLC et
al. v. MILLER et al.; and vice versa.

WATKINS, Judge.

This case is before us on remand from the Supreme Court of Georgia. In the
original case, *Golden Peanut Company, LLC v. Miller* ("*Miller I*"),[1] we granted the
application for interlocutory appeal filed by defendants Golden Peanut Company,
LLC, and its parent company, Archer Daniels Midland Company ("ADM") (Case
Number A21A1269). Plaintiffs Ross Miller, individually and as next friend and
natural guardian of his minor son and the administrator of Kristie Miller's estate, and
Hayden Miller, Kristie's adult son, (collectively "Miller") filed a cross-appeal (Case
Number A21A1270). We affirmed the denial of Miller's motion to exclude certain

---

[1] 363 Ga. App. 384 (870 SE2d 511) (2022).

evidence in Case Number A21A1270 and reversed the denial of Golden Peanut's and ADM's motions for summary judgment and related motions for reconsideration and clarification in Case Number A21A1269.

In *Miller v. Golden Peanut Company, LLC* ("*Miller II*"),[2] the Supreme Court of Georgia granted certiorari to consider:

> 1. Under what circumstances must a law enforcement officer who conducts an investigation of an accident in the course of his official duties be qualified as an expert under OCGA § 24-7-702 (b) if called to testify in a civil case resulting from the accident as both a fact witness and an expert witness? How is the portion of the testimony considered to be expert testimony to be determined?
> 2. If such a law enforcement officer must be qualified as an expert under OCGA § 24-7-702 (b), did the trial court properly deny the motion in limine to exclude the expert testimony and part of the officer's report in this case?[3]

The Supreme Court held that the portion of the investigating officer's testimony that was disputed constituted expert testimony within the meaning of OCGA § 24-7-702 ("Rule 702")[4] and that the trial court abused its discretion by

---

[2] __ Ga. __ (__ SE2d __) (S22G0905 decided Aug. 21, 2023).

[3] Id. at __ (S22G0905 at *4).

[4] *Miller II*, __ Ga. at __ (1) (a) (S22G0905 at *8-*10).

failing to fully exercise its gatekeeping function under Rule 702.[5] "Specifically, the trial court did not consider either the reliability or helpfulness of [the officer's] testimony."[6] In directing us to vacate the trial court's order and remand the case for further proceedings, the Supreme Court reiterated that "an appellate court should not conduct the analysis of the expert's methodology in the first instance."[7]

Now that the case is before us on remand, we vacate Division 4 (addressing Case Number A21A1270) of our opinion in *Miller I*. The Supreme Court's opinion in *Miller II* is adopted and made the judgment of this Court for Division 4. We therefore vacate the trial court's order denying Miller's motion to exclude certain portions of the investigating officer's testimony and the Georgia State Patrol's Specialized Collision Reconstruction Team ("SCRT") report. The Supreme Court of Georgia did not address or consider Divisions 1 through 3 of our earlier opinion, in which we reversed the orders denying Golden Peanut's and ADM's motions for summary judgment and related motions for reconsideration and clarification. Because

---

[5] Id. at __ (2) (S22G0905 at \*14 (2)).

[6] Id. (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U. S. 579 (113 SCt 2786, 125 LE2d 469) (1993)).

[7] (Citation and punctuation omitted.) *Miller II*, __ Ga. at __ (2) (S22G0905 at \*15-\*16 (2)).

Divisions 1 through 3 (addressing Case Number A21A1269) are consistent with the Supreme Court's opinion, those divisions become binding upon the return of the remittitur.[8]

*Judgment reversed in Case no. A21A1269. Judgment vacated and case remanded for further proceedings in Case No. A21A1270. Doyle, P. J., and Brown, J.,* concur.

---

[8] See *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001).