**THIRD DIVISION**
**DOYLE, P. J.,**
**BROWN and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 22, 2023**

# In the Court of Appeals of Georgia

A21A1459. WISE BUSINESS FORMS INC. v. FORSYTH COUNTY et al.

WATKINS, Judge.

This case is before us on remand from the Supreme Court of Georgia. In the original case, *Wise Bus. Forms, Inc. v. Forsyth County* ("*Wise I*"),[1] we affirmed the trial court's grant of a motion to dismiss filed by Forsyth County and the Georgia Department of Transportation ("the Appellees") for Wise's claims of inverse condemnation by permanent nuisance, inverse condemnation by abatable nuisance, per se taking, attorney fees under OCGA § 13-6-11, and violation of 42 USC § 1983.

---

[1] 363 Ga. App. 325 (870 SE2d 894) (2022).

In *Wise Bus. Forms, Inc. v. Forsyth County* ("*Wise II*"),[2] the Supreme Court of Georgia granted certiorari to consider whether this Court "correctly affirmed the dismissal of Wise's inverse-condemnation-by-permanent-nuisance claim because it was barred by the statute of limitation set by OCGA § 9-3-30 (a)."[3] The Supreme Court held that we "erred in failing to accept as true — as [we were] required to do — Wise's allegations that the alleged harms were hidden from Wise's view (i.e., not observable) until Wise discovered the sinkhole on its property in 2016."[4] The Supreme Court thus concluded that we "erred in affirming the trial court's dismissal of Wise's inverse-condemnation-by-permanent-nuisance claim on the basis that this claim was barred by the statute of limitation under OCGA § 9-3-30 (a)."[5]

Now that the case is before us on remand, we vacate our holding in Division 1 to the extent it is inconsistent with Supreme Court's opinion and adopt the Supreme

---

[2] ___ Ga. ___ (893 SE2d 32) (S22G0874 decided Sept. 19, 2023).

[3] Id. at ___ (S22G0874 at *9-10). The Court noted that it "did not grant certiorari on [this Court's] ruling that Wise's claim for inverse condemnation by permanent nuisance did not require an expert affidavit under OCGA § 9-11-9.1 or on its ruling that Wise's inverse-condemnation-by-abatable-nuisance claim was properly dismissed by the trial court." Id. at ___ (S22G0874 at *10).

[4] Id. at ___ (S22G0874 at *20-21).

[5] Id. at ___ (S22G0874 at *21).

Court's opinion as our own. Because the Supreme Court did not address our other dispositive holdings — that Wise's claim for inverse condemnation by permanent nuisance did not require an expert affidavit, that Wise did not allege sufficient facts to assert a claim of inverse condemnation by abatable nuisance, and that Wise abandoned his claim for per se taking on appeal — and because those holdings are consistent with the Supreme Court's opinion, those holdings become binding upon the return of the remittitur.[6]

Accordingly, we reverse the trial court's dismissal of Wise's inverse-condemnation-by-permanent-nuisance claim and associated claim for attorney fees under OCGA § 13-6-11, affirm the court's dismissal of Wise's inverse-condemnation-by-abatable-nuisance claim, per se taking, and 42 USC § 1983 claims,[7] and remand for further proceedings consistent with the Supreme Court's opinion.

*Judgment affirmed in part and reversed in part, and case remanded. Doyle, P. J., and Brown, J., concur.*

---

[6] See *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001).

[7] Wise's claim under 42 USC § 1983 was premised on his per se taking claim.