**FIFTH DIVISION**
**MCFADDEN, P. J.**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 16, 2024**

# In the Court of Appeals of Georgia

A22A1499. BRIXMOR NEW CHASTAIN CORNERS SC, LLC v. JAMES.

McFADDEN, Presiding Judge.

In *Brixmor New Chastain Corners SC, LLC v. James*, 367 Ga. App. 235 (884 SE2d 393) (2023), we affirmed the trial court's denial of Brixmor's motion for summary judgment in Arlene James's premises liability action. Id. at 236-239 (2). We vacated the trial court's ruling on spoliation, holding that the trial court applied an incorrect legal standard in granting James's motion for spoliation sanctions. Id. at 239-241 (3). We also rejected Brixmor's argument that "the trial court erred by failing to apply the subsequent remedial measure rule to [the spoliation] analysis." Id. at 240 (3).

In *Brixmor New Chastain Corners SC, LLC v. James*, ___ Ga. ___ (___ SE2d ___) (Case No. S23G0795, decided Dec. 19, 2023), our Supreme Court held that once we had "concluded that the trial court applied the incorrect standard on spoliation and remanded the case to the trial court to apply the correct spoliation standard, consideration of the remedial measure rule was unnecessary to the resolution of the issues on appeal and [our] determination on the issue was thus dicta." Id. at ___. So the court vacated Division 3 of our opinion "to the extent that it purports to make such a legal determination," noting that there is an "open and difficult legal question under Georgia law regarding what consideration, if any, must be given to the subsequent remedial measures rule in addressing the issue of spoliation." Id.

The following paragraph in Division 3 of our opinion is the holding that the Supreme Court has vacated:

> Brixmor argues that the trial court erred by failing to apply the subsequent remedial measure rule to its analysis. That rule, found at OCGA § 24-4-407, generally prohibits the admission in civil proceedings of evidence of remedial measures taken to make an injury or harm less likely to recur. Brixmor cites no authority — and we have found none — to support its argument that the trial court was required to consider the doctrine of subsequent remedial measures, a specific evidentiary

exclusionary rule, when ruling on spoliation. So it has not shown an abuse of discretion in this regard.

367 Ga. App. at 240 (3).

Because the Supreme Court did not address our dispositive holdings — that the trial court did not err in denying Brixmor's motion for summary judgment and that the trial court applied an incorrect legal standard in ruling on James's motion for spoliation sanctions — and because those holdings are consistent with the Supreme Court's opinion, those holdings become binding upon the return of the remittitur. *Jordan v. Everson*, 345 Ga. App. 509, 510 (813 SE2d 600) (2018).

*Judgment affirmed in part, vacated in part, and case remanded with direction. Gobeil and Land, JJ., concur.*