NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia


Decided: August 13, 2024


S22A0605.  McELRATH v. THE STATE.


BETHEL, Justice.

In 2017, a jury found Damian Cornell McElrath guilty but mentally ill of the felony murder of his adoptive mother, Diane. The same jury also found McElrath not guilty of the malice murder of Diane by reason of insanity. On appeal, we concluded that those two verdicts were repugnant. See *McElrath v. State*, 308 Ga. 104 (839 SE2d 573) (2020) ("*McElrath I*"). We explained that, under this State's repugnant-verdicts doctrine, verdicts are repugnant if they are not merely inconsistent but reflect two different affirmative findings by the jury that cannot logically or legally exist at the same time. See id. at 111 (2) (c). And we concluded that the verdicts in this case affirmatively showed that the jury had found McElrath both sane and insane at the same time and thus met our definition of a

repugnant verdict. See id. at 112 (2) (c). The consequence of that conclusion at the time of *McElrath I* was that both verdicts were vacated as entirely void and repugnant, and the case was remanded for a new trial. On remand, McElrath filed a plea in bar, arguing that, because the jury returned a verdict of not guilty on the malice murder count, the Fifth Amendment's Double Jeopardy Clause[1] bars the State from retrying him on that count. The trial court denied the plea in bar, and McElrath again appealed to this Court.

In his second appeal, McElrath raised two claims: (1) that the jury's verdict on the felony murder count should have been reversed rather than vacated; and (2) that the trial court erred by denying his plea in bar as to the malice murder count. See *McElrath v. State*, 315 Ga. 126 (880 SE2d 518) (2022) ("*McElrath II*"). In Division 1 of *McElrath II*, we rejected McElrath's first argument that the guilty but mentally ill verdict for felony murder should have been reversed, holding that the same issue was raised and decided in *McElrath I*

---

[1] See U. S. Const. Amend. V ("No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb[.]").

2

and that our prior decision therefore stood as the law of the case. Id. at 127-128 (1). And in Division 2, we affirmed the trial court's denial of McElrath's plea in bar, concluding that double jeopardy did not bar retrial on the malice murder count because the not guilty verdict was repugnant as a matter of Georgia law and therefore void. Id. at 128-131 (2).

On writ of certiorari, the United States Supreme Court reversed this Court's judgment on the issue of whether McElrath could be retried on the malice murder count, explaining that "whether an acquittal has occurred for purposes of the Double Jeopardy Clause is a question of federal, not state, law" and that "the ultimate question is whether the Double Jeopardy Clause recognizes an event as an acquittal." *McElrath v. Georgia*, 601 U. S. 87, 96 (III) (144 SCt 651, 217 LE2d 419) (2024). The Supreme Court also concluded that the jury's verdict of not guilty by reason of insanity on the malice murder count in this case was an acquittal for purposes of double jeopardy and, thus, that McElrath could not be retried on that count. Id. at 97-98 (III).

3

In light of the Supreme Court's holding, we vacate Division 2 of *McElrath II*, which affirmed the denial of McElrath's plea in bar, and, consistent with the holding of the United States Supreme Court, we reverse the trial court's judgment on that issue. However, Division 1 of our decision in *McElrath II* concerning the proper disposition of the felony murder verdict was not addressed by the Supreme Court and, therefore, is unaffected by that court's opinion.[2] See *McElrath*, 601 U. S. at 98 n.5 (noting that "the Georgia courts may address as a matter of state law the status of McElrath's vacated conviction for felony murder"). Cf. *Shadix v. Caroll County*, 274 Ga. 560, 563-564 (554 SE2d 465) (2001) (explaining that "when faced with the [Georgia] Supreme Court's reversal of one of its opinions, the [Georgia] Court of Appeals is required: (1) to read this Court's opinion within the context of the opinion being reversed; (2)

---

[2] The Supreme Court's holding that the jury's verdict of not guilty by reason of insanity was an acquittal for purposes of applying the federal Double Jeopardy Clause does not in itself change Georgia law on repugnant verdicts. But it does meaningfully alter the effect of a conclusion that the verdicts in a given case are repugnant: before, all of the verdicts deemed repugnant would be ineffective, but now, only the verdicts of conviction will be ineffective. Whether that difference warrants reconsideration of our repugnant-verdict doctrine is an important question we should consider in an appropriate case.

4

to determine whether any portions of the opinion being reversed were neither addressed nor considered by the Supreme Court; and (3) enter an appropriate disposition with regard to those portions that is consistent with the issues addressed and considered by this Court"). We, too, leave undisturbed our original judgment in Division 1 of *McElrath II*—that the holding of *McElrath I* stands as the law of the case between the parties as to the verdict on the felony murder count— and McElrath may be retried on the felony murder count.

*Judgment reversed and case remanded with direction. All the Justices concur.*