**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 2, 2024**

# In the Court of Appeals of Georgia

A23A0774. COLUMBIA COUNTY v. SATCHER et al.

McFADDEN, Presiding Judge.

In *Satcher v. Columbia County*, ___ Ga. ___ (___ SE2d ___) (Case No. S24G0340, decided August 13, 2024), our Supreme Court vacated in part our judgment in *Columbia County v. Satcher*, 369 Ga. App. 608 (894 SE2d 181) (2023). Specifically, the Supreme Court vacated Division 6 of our opinion (in which we had affirmed the entry of an injunction) and directed us "to remand the case to the trial court with instructions to consider the issuance of a new injunction that does not exceed the constitutional waiver of sovereign immunity." *Satcher*, ___ Ga. at ___ (2).

The Supreme Court did not address our holdings

that the landowners' claims are not barred by the running of the statute of limitation, and [our affirmance of] the trial court's ruling on the

issue[;] that the landowners' ante litem notice was timely for nuisance damage incurred within the 12-month period preceding its presentation, but that the landowners could not recover damages incurred after presentation of the notice, [and our affirmance in part and reversal in part of] the trial court's ruling on the issue of the ante litem notice[;] that the landowners are not entitled to relief on their claim of a prescriptive easement by adverse possession, and [our reversal of ] the trial court's ruling on the issue[;] that the trial court erred by awarding damages based on the cost of repair instead of the market value of the property actually taken and the consequential damage to the remainder of the landowners' property; . . . that the court erred to the extent she awarded damages for harm incurred after the landowners' presentation of their ante litem notice[, and our vacating] the damages award and remand[ing] for further proceedings[; and] that the trial court erred in awarding OCGA § 13-6-11 attorney fees, and [our reversal of] that award.

*Columbia County*, 369 Ga. App. at 619-620 (7). Because those holdings are consistent with the Supreme Court's opinion, they become binding upon the return of the remittitur. *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001).

Accordingly, we adopt the opinion of the Supreme Court of Georgia as our own, vacate the trial court's grant of an injunction, and remand the case for further proceedings consistent with the opinion of our Supreme Court.

*Judgment affirmed in part, reversed in part and vacated in part, and case remanded. Brown and Markle, JJ., concur.*