**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 15, 2025**

# In the Court of Appeals of Georgia

A23A1683. GREEN v. THE STATE.

RICKMAN, Presiding Judge.

In *State v. Green*, 321 Ga. 204 (913 SE2d 621) (2025), the Supreme Court of Georgia reversed Division 2 of our decision in *Green v. State*, 371 Ga. App. 259, 263-265 (2) (899 SE2d 493) (2024), in which we reversed Billy Ray Green's conviction for criminal attempt to entice a child for indecent purposes. Accordingly, we vacate Division 2 of our earlier opinion, adopt the opinion of the Supreme Court as our own, and affirm Green's conviction for criminal attempt to entice a child for indecent purposes. Division 1 (affirming Green's conviction for criminal attempt to commit kidnapping) and Division 3 (reversing Green's conviction for simple assault) of our

opinion were not affected by the Supreme Court's decision and thus remain in effect. See *Shadix v. Carroll County*, 274 Ga. 560, 563-564 (1) (554 SE2d 465) (2001).

We further conclude that Division 4 of our earlier opinion in which we held that the trial court did not abuse its discretion by allowing the admission of intrinsic evidence of Green's encounters with female CVS employees on the same day as the charged offenses is not inconsistent with the Supreme Court's reversal of Division 2. As set forth in our earlier opinion:

> Evidence can be admitted as intrinsic evidence when it is (1) an uncharged offense arising from the same transaction or series of transactions as the charged offense; (2) necessary to complete the story of the crime; or (3) inextricably intertwined with the evidence regarding the charged offense. Based on these factors, evidence pertaining to the chain of events explaining the context, motive, and set-up of the crime is properly admitted as intrinsic evidence if it is linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

(Citations and punctuation omitted.) *Green*, 371 Ga. App. at 265 (4).

Consistent with that standard, we concluded that "the CVS employee evidence was reasonably necessary to complete the story of the crime by providing further

2

context for the attempted kidnapping charge." *Green*, 371 Ga. App. at 266 (4). The same evidence also provided further context for the attempted enticement charge at issue in Division 2. Accordingly, the trial court did not abuse its discretion in determining that the CVS employee evidence was intrinsic to the charged crimes. See id.

As recognized in our earlier opinion, "[t]o be admissible, intrinsic evidence must also satisfy Rule 403." (Citation and punctuation omitted.) *Green*, 371 Ga. App. at 266 (4). The Supreme Court's decision does not change our Rule 403 analysis because there was nothing inherent in the CVS employee evidence that would create a risk that Green would be convicted of attempted kidnapping *or* attempted enticement on a ground different from proof specific to the offense charged, or that the evidence would render the jury incapable of weighing the evidence in an unbiased manner. See id. at 266 (4). As a result, our conclusion that the trial court did not abuse

its discretion in concluding that the probative value of the CVS employee evidence was not substantially outweighed by the danger of unfair prejudice remains in effect. See id.

*Judgment affirmed in part and reversed in part. Dillard, P. J., and Pipkin, J., concur.*