**FIFTH DIVISION**
**BROWN, C. J.,**
**MCFADDEN P. J., and MARKLE, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 28, 2025**

# In the Court of Appeals of Georgia

A23A0863. MATTHEWS v. OSKOUEI.

MARKLE, Judge.

This case is before us on remand from the Supreme Court of Georgia. In the original case, we reversed the trial court's denial of attorney Zachary Matthews's motion to strike Dr. Armin Oskouei's complaint for libel and slander, pursuant to the Anti-SLAPP statute, OCGA § 9-11-11.1 (b) (1),[1] because Oskouei could not establish

---

[1] OCGA § 9-11-11.1 (b) (1) provides:

A claim for relief against a person or entity arising from any act of such person or entity which could reasonably be construed as an act in furtherance of the person's or entity's right of petition or free speech under the Constitution of the United States or the Constitution of the State of Georgia in connection with an issue of public interest or concern shall be subject to a motion to strike unless the court determines that the

there was a probability of prevailing on his claims. *Matthews v. Oskouei*, 369 Ga. App. 568, 575-576 (b) (iii) (894 SE2d 141) (2023). Specifically, we determined that Matthews' allegedly defamatory statements to two opposing counsel during ongoing litigation were conditionally privileged pursuant to OCGA § 51-5-7 (7)[2]; and Oskouei could not defeat the privilege because there was no clear and convincing evidence that Matthews had acted with actual malice, i.e., with knowledge that the statements were false or with reckless disregard for their truth. Id. at 573 (b), 575 (b) (iii); see also *Oskouei v. Matthews*, 321 Ga. 1, 26 (4) (912 SE2d 651) (2025).

Our Supreme Court granted certiorari to consider, as an issue of first impression, whether "actual malice" was the proper standard under OCGA § 51-5-9.[3] *Oskouei*, 321 Ga. at 6 (1) (b).

---

nonmoving party has established that there is a probability that the nonmoving party will prevail on the claim.

[2] OCGA § 51-5-7 (7) provides that "[c]omments of counsel, fairly made, on the circumstances of a case in which he or she is involved and on the conduct of the parties in connection therewith" are deemed privileged.

[3] OCGA § 51-5-9 provides: "In every case of privileged communications, if the privilege is used merely as a cloak for venting private malice and not bona fide in promotion of the object for which the privilege is granted, the party defamed shall have a right of action."

The Court first noted the difference between defamation actions against public figures as opposed to private individuals, explaining that

> the United States Supreme Court has held that the First Amendment places limits on state defamation law when the plaintiff is a public official or public figure and when a private-figure plaintiff seeks presumed or punitive damages relating to a defamatory statement about matters of public concern, such that the "actual malice" standard announced in *New York Times* (i.e., knowledge of falsity or reckless disregard for truth) applies in those sorts of cases. But the Court has determined that in all other respects, the states are free to impose their own defamation rules, so long as they do not impose strict liability. Consequently, when a plaintiff is a private figure and does not seek presumed or punitive damages flowing from a defamatory statement about a matter of public concern, the "actual malice" standard in *New York Times* does not apply, and Georgia defamation law controls.

*Oskouei*, 321 Ga. at 22 (3) (c); *New York Times Co. v. Sullivan*, 376 US 254, 269 (II), 279-280 (II) (84 SCt 710, 11 LE2d 686) (1964); *Gertz v. Robert Welch, Inc.*, 418 US 323, 347 (III) (94 SCt 2997, 41 LE2d 789) (1974).

And, in order to defeat a prima facie showing of conditional privilege under Georgia law, a plaintiff must show, by a preponderance of the evidence, "that the defendant used the privilege as a pretense, such that the allegedly defamatory

statement was not made for one of the bona fide purposes listed in OCGA § 51-5-7 but was instead made with "private malice," meaning with ill will toward the plaintiff or with an intent to injure him." *Oskouei*, 321 Ga. at 26-27 (4); OCGA § 51-5-9. Our Supreme Court thus held that we improperly engrafted the constitutional "actual malice" standard into OCGA § 51-5-9.[4] *Oskouei*, 321 Ga. at 27 (4). Accordingly, the Court vacated our opinion, and remanded the case for further proceedings consistent with its opinion. Id.

Now that the case is before us, we vacate Division (b) of our prior opinion to the extent it held that Oskouei could only defeat the conditional privilege under the "actual malice" standard. *Matthews*, 369 Ga. App. at 573-576 (b) (iii). Importantly, the Supreme Court did not disturb our conclusion that Matthews had made a prima facie showing that his allegedly defamatory statements were conditionally privileged pursuant to OCGA § 51-5-7 (7).[5] *Oskouei*, 321 Ga. at 6, n. 3; see *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001) ("Whenever this Court considers

---

[4] Our Supreme Court overruled a long line of our precedential cases on this ground. 321 Ga. at 26 (4), n. 26

[5] Conversely, the trial court held that the issue of conditional privilege was a jury issue.

4

only a portion of a Court of Appeals' opinion and reverses, it is for the Court of Appeals to determine on remand whether the portions of its earlier opinion that were not considered by this Court are consistent with this Court's ruling. If such portions are consistent with this Court's ruling, then they become binding upon the return of the remittitur."). Thus, it remains to be determined whether Oskouei can defeat the privilege.

As our Supreme Court noted, this inquiry begins with the threshold "issues of whether a plaintiff in a defamation case is a public or private figure and whether he seeks presumed or punitive damages related to a defamatory statement about a matter of public concern," so as to determine whether the "actual malice" or the "private malice" standard applies. *Oskouei*, 321 Ga. at 22 (3) (c), n. 19. Neither this Court nor the trial court made that initial determination. *Oskouei*, 321 Ga. at 27 (4), n. 27. We thus remand the case to the trial court to make this determination in the first instance, consistent with the Supreme Court's opinion. See *Oskouei*, 321 Ga. at 28-29 (McMillian, J., concurring) (noting Matthews' arguments below that issues related to the allegedly defamatory statements are matters of public concern); *Crippen & Lawrence Inv. Co. v. Tract of Land Being Known as 444 Lemon St., Marietta Cobb*

*County*, 359 Ga. App. 336, 337 (857 SE2d 503) (2021) (remanding case to trial court to consider issue in the first instance).

*Judgment vacated in part, and case remanded with direction. Brown, C. J. and, McFadden, P. J., concur.*